United States District Court
For the Northern District of California

1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    RODERICK OPALEC,                          No. C 08-2652 MHP (pr)
9              Petitioner,                      **ORDER TO SHOW CAUSE**
10        v.
11   BEN CURRY, warden,
12             Respondent.
                                          /
13
14                              **INTRODUCTION**
15        Roderick Opalec, an inmate at the Correctional Training Facility in Soledad, filed this
16   pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is
17   now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules
18   Governing Section 2254 Cases.
19                              **BACKGROUND**
20        Opalec was convicted in Los Angeles County Superior Court of attempted murder
21   with use of a firearm. He states that he was sentenced to life imprisonment with the
22   possibility of parole plus three years. His petition does not challenge his conviction but
23   instead challenges a July 12, 2006 decision by the Board of Parole Hearings ("BPH") finding
24   him not suitable for parole. Attachments to the petition indicate that Opalec filed habeas
25   petitions in state courts, including the California Supreme Court, before filing this action.
26
27
28

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Opalec alleges in his petition that the BPH's decision violated his right to due process because it was not supported by some evidence, relied on the unchanging facts of the crime, and was arbitrary. Liberally construed, the allegations present a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

**CONCLUSION**

For the foregoing reasons,

1.    The petition warrants a response from respondent.

2.    The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.    Respondent must file and serve upon petitioner, on or before **October 24, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2

1          4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

2 with the court and serving it on respondent on or before **November 28, 2008**.

3          5.      Petitioner is responsible for prosecuting this case.  He must keep the court

4 informed of any change of address and must comply with the court's orders in a timely

5 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

6 pursuant to Federal Rule of Civil Procedure 41(b).

7          IT IS SO ORDERED.

8 DATED:   August 5, 2008

                                           Marilyn Hall Patel

9                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


RODERICK OPALEC,

                Plaintiff,

  v.

BEN CURRY et al,

                Defendant.

_____/

Case Number: CV08-02652 MHP

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Roderick Opalec H-33214
Correctional Training Facility
East Dorm 64-Low
P.O. Box 689
Soledad, CA 93960-0689

Dated: August 5, 2008

                                      Richard W. Wieking, Clerk
                                      By: Anthony Bowser, Deputy Clerk